Good morning, Your Honors. My name is Glenn Cartlidge and I represent Fred Walker. Fred Walker is serving a life sentence without the possibility of parole for his possession of 52 grams of cocaine base. I'd like to start with the two most critical issues, in my opinion, and they all form around the issue in the brief, which is entitled Issue C. I'd like to start out, first of all, with that portion of the argument, which I think Why don't you tell us what C is? C is whether the I have Roman numerals. I'm sorry. The third issue, it may be denoted, is whether the three prior convictions that the government proffered to the district court were properly proven. All right. The first issue that I would like to address under that is the Sixth Amendment issue and the 851 issue of the burden of proof. And that is that both of them require that the facts be proven beyond a reasonable doubt. It's both by statute and it's by the Sixth Amendment. Though the district court did not say what it was using as its burden of proof, I think it's highly doubtful that it used a burden of beyond a reasonable doubt and more likely used a preponderance standard, and therefore a new sentence in the hearing is required for that mistake alone. And as I think this Court will agree, that is not a small mistake, as will be shown in the discussion that I have further along about the individual prior offenses. The second that I want to mention is that the Sixth Amendment requires that a jury determine the existence of the prior conviction. I re-read again this weekend Ring v. Arizona. I don't see any difference in this case and Ring. If there is a difference, it might be in footnote 4, and in footnote 4 in Ring, the United States Supreme Court said that the defendant did not argue against the prior Almendarez-Torres convictions regarding the priors listed because he didn't have any. There were three, I believe, that were under the Arizona statutory scheme, and the United States Supreme Court left that question open. I think it's open for this Court to determine, and this is a good case for this Court to look at, because this Court has had that argument made to it numerous times, and each time we always say Almendarez-Torres is still good law until the Supreme Court overrules it. We aren't going to. And isn't this panel pretty much bound by that? I don't think so, Your Honor. I think footnote 4 under the Supreme Court changed it. Well, what I'm saying is that Ring was decided after Almendarez-Torres. Ring says that it did not decide that question as to the three enhancements that regarded a prior conviction. And this is a case such as that, particularly with the proof that was given here to the district court in regards to the prior offenses. But I'd like to move on to those because I have much to say about each of those prior offenses. I'm going to go through them chronologically, and that is, as they were listed in the supplemental excerpt of record, those are going to be my references. And I'm going to go through the prior number 1, prior number 2, and prior number 3. Some of them are overlapping. The problems that I have with those and those I'll try to indicate to the Court. Prior number 1. The first problem with prior number 1 that I saw was that it did not fit within the 841 and 802 subsection 44 definition of a prior drug offense. And that definition is, for the purposes of this argument, the relevant portion is that a drug, a felony drug offense is an offense that is punishable by imprisonment for more than one year. As the papers submitted to the district court state, California Penal Section Code 17 says that a felony is a crime which is punishable with death or by imprisonment in the state prison. So it doesn't fit under the Taylor categorical approach. And then I can move on to the next problem that I have with that. And that is that they did not proffer the correct statute to the district court regarding this prior offense. They proffered 11350A, which is what he was charged with in the complaint. However, he pled to 11377 and did not, and the government did not provide the statutory definition of 11377 to the district court. So we don't even know what he pled guilty to. The third problem is finality. Now, this one permeates all three of the offenses. The reason I have a problem with finality is I'd like to tell you what happened in my reading of the first offense. And I don't understand it. I'm not a California lawyer. I don't pretend to be. But to the best of my understanding, this is what happened. First, he was charged with an 11358. Then he got a conditional probation based on 11377. The next thing that happened is the imposition of the sentence was suspended. Then it was revoked. He was sent to an honor center. This is the SER 83. Then it was reinstated because of a new charge. The new charge was number two. Then he got violated, but he wasn't revoked. It was terminated, and he was released. So not only do we not have any finality of this, I don't know what happened to it. We also see that it was merged into the second one. We don't know the date that it was terminated because we can't figure out what really happened in this case. The next problem I have with this is that in the conditions of probation, the court did not indicate that he could not own a firearm. And as common sense will tell you, that's one of the indicators of the person being convicted of a felony. The next problem that I have is applicable to all three priors, and that is that the no document indicated the amount of cocaine that he was supposed to have. As a matter of fact, in the third prior, it doesn't even tell what kind of drug he was supposed to have. Does the statutory definition have a weight requirement? No, it doesn't. Well, I don't. What are we arguing about? What I'm arguing about is reliability, Your Honor, under all of the cases, including Taylor, Omdas, Torres, Shepard, all of those, in that if you're going to put a man away, a 34-year-old man away for life, you've got to have something to rely upon. These could have been trace amounts for all I know. And I think due process causes us to pause when we're talking about these kinds of terms. Particularly in the third one where you don't even know what kind of drug it was. The next problem that also permeates throughout these is the Shepard problem. The government relied on what I term court minutes, for lack of a better word. These are not reliable records. Sometimes they're computer printouts. Sometimes they're fill-in-the-blanks forms. They're not a verbatim rendition of any of the proceedings. They're not certified, for example, as a transcript is. And just because the copies were certified in certain occasions as being accurate copies doesn't mean that the content establishes that which the government purports it to establish. These are not any kind of documents that the court can deem to have judicially noticeable facts that clearly and unequivocally establish the prior conviction. And that's pursuant to Navidad-Marcos. As to the second one. Why don't you go back and take me through the statutory definition of what you think applies to determine whether we have a drug. Whether we have a prior drug offense? Yeah. The statutory definition according to 841? Yeah. All right. What I think what I'm reading through that is the definition of a felony drug offense in 80244. Right. A felony drug offense means an offense that is punishable by imprisonment for more than one year under any law of the United States or a State or a foreign country that prohibits. If it's a misdemeanor under Federal and a felony under State, we're in a felony situation, right? Well, I argue. Because it's either or. I argued in the brief that that was not the case. I know. And that's what I'm trying to get at. I just read this with a plain meaning view and you apparently. I'm not sure. I don't want to answer your question on that because I don't want to abandon an argument, but that's not one of my principal reasons for being here today. I'm not sure that that's a correct argument. I will say that today. After re-reviewing it, I think the more important issue is whether they were final and they have to be final under 841. It has to be a final conviction. And under 80244, it has to be a felony drug offense, meaning that it has to be something under the State law or under the Federal law that requires a year or more. Excuse me? That is punishable by more than a year. Correct. Without regard to amount. Correct. What I'm talking about. And then you're limited to the types of drugs or categories of drugs. Correct, Your Honor. Yes. Okay. My argument about the amounts is really more toward the reliability and I understand, I think in several of the cases out of the circuit, that they've got to be able to establish that that's exactly what happened. I'm not even sure what the words judicially noticeable facts are, but to me it is. You've got to be able to read what it is and understand clearly and unequivocally what he pled to, what it is that he got sentenced to. Well, that may be. But the question is, the first cut under Taylor is you look to see whether or not the offense of which he was convicted categorically fits within the definition. And you're saying, as I understand it, that the first prior anyway didn't specify on the face of it that the punishment was for greater than a year. Is that your argument? That's my argument. Therefore, we have to go to modifying or shepherding. Right. And I'm saying. And under that, they didn't produce the right kind of documents to establish what it was that he actually pled to or was convicted of. That's correct, Your Honor. Thank you. I'm actually using that as a backup if you don't follow me with the categorical approach. As to the second prior conviction, this is more of a shepherd argument, and that's the modified approach is. We don't get to the shepherd unless you get past the categorical. So how is the second one not covered by Taylor? Okay. The second one is that, well, I can't tell from the documents whether it was, is what my argument is. It's not that they gave, for example, in the second one, the documents that they gave are a printout of 11352, which is what he pled to. And then they did not give what I see as a proper judgment in the case. And therefore, I don't know what is how that relates, although that's what he pled to, I'm not sure what the judgment is. Well, but what does the, he pled to it, but what is 11352A? What's the punishment? It is a felony. Okay. It is a felony that gives a mandatory three-, four-, or five-year sentence. And if I can go through this and tell you why I'm having problems with this, what happened in this is he pled guilty to 11352A, which is a felony. The court tells him he's going to get three years. And right in the middle of that, the court suspends the proceedings. Now, the statute that you read in response to Judge Beezer's question doesn't say punished. It says punishable. And you just said he pled guilty to a statute which is punishable by three-, four-, or five-years. Why isn't that the end of the inquiry? Because that's not what he was sentenced to. Well, that's punishment. The question is what's punishable. What's punishable. But if what We look at the facts in a modified. We look at what he pled to the statute. If the statute says punishable by more than a year, it's a felony. But don't you have to have some sort of accurate reading of the judgment? And here you don't. No. Because it's a question of what he pled to. He may have gotten less than, but the statute says he's punishable, potentially punishable.  I understand that, Your Honor. What I'm talking about here is during that, they suspended the proceedings and, therefore, there is no judgment. As a matter of fact, there's no record. It was unsuspended at some point, which is where this was enacted. There's no record of why it was revoked, why the probation was revoked, when it was revoked, what statute it was based on. No change of plea again. And where are the documents that show that the sentence that was eventually given him becomes the 1993 sentence? I don't know because they're not in here. And that's my argument as to that one. You're contending that he was not convicted? That's correct. You're arguing he didn't even plead to it? No. I argue that he did plead to it, Your Honor. He pled guilty to 11-352. And then they suspended the sentence right in the middle of that. And they said we're going to sentence you to 3 years, but they never did sentence him to those 3 years because it was revoked after that. And we don't have any record of that. Pursuant to Navidad-Marcos, the abstract judgment that they've given, we're not able to use those. I see that I only have 5 minutes left, so I'd like to stop there before addressing the third. Is your argument essentially the same with regard to the third one? Yes, Your Honor. Okay. Thank you. May it please the Court, William Reed of the United States, U.S. Attorney's Office, Las Vegas, Nevada. Your Honor, the defendant contends, among the other issues previously addressed, that there's insufficient evidence. Why don't you address what counsel was addressing since she's focused on that? And then if we have questions on the rest of it, we can direct you to that. Yes, Your Honor. Your Honor, the statute that Mr. Walker was enhanced to a live sentence has a predicate number of 2 prior felony drug convictions. Here, Mr. Walker had a surplus. He had 3 prior felony drug convictions. So if you get 2 out of 3, you win, right? You need only 2. Well, yes, Your Honor. Yes, Your Honor. I had to think how to respond to that. But we have a surplus here, Your Honor. There are 3. And all 3 of those are adequate on their face. And I'll attempt to buttress that argument one by one. The first conviction, the 1991 conviction, there were adequate documents provided for it and the other 2 as well. The defendant contends here today that he pleaded to a statute other than 11350A. There does appear to be in the plea colloquy, which is part of the record, a reference to the defendant's plea to another statute. However, the abstract of judgment, the complaint, the reference to the controlled substance, that being cocaine, all of that falls under the 11350A. 11377A, my reading of that statute, does not even involve cocaine. So that seems to have been a slip of the tongue during the plea colloquy. All the other supporting documents, there's no amendment of the complaint, the abstract of judgment, everything else covers 11350A. As Your Honor has previously discussed with the defense counsel, that statute under California law involves punishment for a term I believe of 16 months, 2 years, or 3 years, which regardless of what the ultimate sanction was, the operative term is punishable by. And here it clearly is a felony under the meaning of 21 U.S.C. 80244. So your argument is, with respect to the first one, that when he reads out that in Frederick Lamont Walker and felony complaints on to a violation of 11377A, possession of controlled substance, that is cocaine, is a felony. How do you plead no contest that actually that's just a misstatement of the code section? Your Honor, that's correct. I don't know any other way to read it and construe it in conjunction with the other balance of documents. They're referenced to your plea to the complaint. We referenced the complaint, and it's 11350A. It describes the substance, cocaine, that falls under. And what is 377, the one that's read? Yeah, 377A. What does that provide?  It would not be a felony. I'll concede that if it is 11377A, I don't believe that it qualifies. I believe it's a wobbler and would not be a felony for the purposes of this matter. Okay, thank you. Yes, Your Honor. They reference the punishment again in the plea colloquy, I believe. They discuss it being I'm sorry. They reference the punishment 16 months, 2 years, or 3 years again. Further support for the argument that this not only is a felony, but, again, squares with the 11350A abstract of judgment that is part of this. After the matter was concluded before the state judge, they rendered a certificate in order of magistrate guilty plea to felony. And they reference, again, count 1, 11350A. So everything but for that one, I don't know how to characterize it any other way, the slip of the tongue by the judge, Well, it actually was the Prosecutor. Prosecutor. Yes, Your Honor. Moving on to the next conviction, a conviction under 11352. That matter, there's clearly no dispute that a conviction under that is a felony. Again, it involved cocaine. Adequate documents under Ninth Circuit precedent have been provided. Those documents can include the charging documents, which were provided, made exhibits, the abstract of judgment. And here defense counsel Counsel's argument is that he wasn't actually convicted. So what's the basis for that and what's your response? Yes, Your Honor. Your Honor, I would respond that the abstract of judgment based upon all the circuit is support for that. I think if there's still any question beyond that, one of the exhibits that was provided, and I'm just turning to it to make certain there are a lot of documents that have to be bootstrapped in this matter  but one of the documents that was provided came to prison records. And one of the prison records, one of these Is that anything that you could submit under Shepard? Your Honor, I would argue that that is a judicially noticeable document with the defendant's fingerprints affixed and it has the case number and it contains the sentence of three years that he was sentenced to on case number MA006392. So that, in conjunction with the abstract of judgment, plea, colloquy, and the other minutes support abundantly the conclusion that this was a conviction that this individual served prison time for based upon the judicially noticeable documents. Finally What was the one you were referring to? The second conviction No, I understand. The document Your Honor, I was referring to Oh, prison record. Okay. Yes, Your Honor. I'm sorry. Prison record is a fingerprint card that has the case number, the case that's in dispute. Got it. Yes, sir. The final conviction, again, involves We don't have an abstract of judgment. We do have both certified court minutes which are judicially noticeable documents. Again, a conviction under 11350A punishable by 16 years 2 years or 3 years in this case. The court minutes indicate that Mr. Walford received a 2-year sentence. I believe there may be also again, prison records that support that finding as well for that case being case number YA035565 Again, many, many records an assortment of which allow this court to ratify the district court's determination that there were sufficient judicially noticeable documents to support not two, but three prior felony drug convictions. Unless there are any other questions about the Did you say there was or wasn't an abstract of judgment for the third one? Your Honor, I did not believe there was an abstract of judgment for the I may be mistaken about that. I see there's court minutes and I've got an abstract of judgment. I stand corrected, Your Honor. I do see that for the third conviction there is also an abstract of judgment. Yes, Your Honor. Unless there are any other additional questions about the sufficiency of the prior enhancing convictions or the Your Honor, there was an abstract of judgment for the second one. But I don't seem to have that in mind. The second one Your Honor, the second conviction being MA006392 for the record Just give me the ER site that you have for the abstract of judgment. Yes, Your Honor. Your Honor, I'm looking at supplemental excerpt of the record. If that's appropriate, page 100. Okay, and that's the abstract of judgment? Yes, Your Honor. It reads abstract of judgment. Fine. Yes, sir. SCR100? Yes, Your Honor. Thank you. And it may be in the ER as well, but I Unless there are any other questions about the sufficiency of the prior enhancing convictions or unless there are any questions about the sufficiency of the evidence, I'll rely upon the briefs and I'll yield my time. All right. Thank you. Thank you. Thank you, Your Honor. That abstract of judgment, I believe, starts on page 100, but goes through page 109. And that's a complete abstract of judgment. All right. A couple of comments. First of all, I don't think that we should be basing a life sentence on a prosecutor's possible slip of the tongue. That's my problem with these documents. They're quite lengthy. That's the thickness of them over there. There's 139 pages. Just so we can narrow it down. As Judge Beezer pointed out, they only need two out of three. That's correct. So let's set number one aside for now. What's the fatality, if you will, in the last two? All right. In the second one, which I've already argued, there's an abstract of judgment that covers 109 pages that cannot be used, as I understand it, under Navidad Marcos. It's not a document that you can look at for these prior offenses. The third one, I understand that we've got problems in this, Your Honor. I don't dismiss that. What I want the Court to understand is I represent a man. I'm all he's got. And he's facing life. And he is in prison for life. We do understand that. Yes, sir. We have to stay within the facts and the law. I understand that, Your Honor. Under the third one, my problem there is that the complaint, which was filed, had three prior convictions. And under the case of Corona Sanchez, I can't tell what he was sentenced to and whether those came into play, how they impacted the sentence or whether they did. In addition, they've got an abstract of judgment, again, which is not usable. I also do not think that the computer printouts that the government has submitted are enough under Shepard, nor are the prison records. I don't think these are judicially noticeable facts. Let me give you an example with the prison records. As I was looking through these, in SER at 126, there are two entries in that. One of them is dated February 20, 1998, which pertains to the third case. One that's dated three months later, which is 5-1-98, pertains to the second case. And my argument all the way through this is how these cases have merged together. Are they separate cases? Are they final? Are they the same case? Are they different cases? It seems to me that they've got to be separate and distinct cases for you to put ‑‑ not for you, but for the courts to put someone in prison for life. I'd like to speak just briefly also about the substantial evidence question. Well, you sort of didn't talk about that the first time around, so. Oh. Thank you. I think we have more argument than that. All right. Thank you. All right. Counsel, thank you. We appreciate the arguments, and the case argued is submitted.
judges: B. Fletcher, Beezer, Fisher